[Civ. No. 11941. Second Appellate District, Division Two.—October 4, 1938.]

GREGG L. CHANDLER, Petitioner, v. LOS ANGELES CITY HIGH SCHOOL DISTRICT et al., Respondents.

James Neil Hastings for Petitioner.

J. H. O'Connor, County Counsel, and W. B. McKesson, Deputy County Counsel, for Respondents.

CRAIL, P. J.—This comes before us on a petition for a writ of mandate against the Los Angeles City High School District in which the petitioner asks this court to issue a writ requiring said school district to purchase certain school books directly from the publishers or their respective agents or designated depositories exclusively.

The petition alleges and the demurrer admits that the publisher and its designated depository has complied with all the laws of California and particularly sections 6.370 to 6.460 of the School Code of California with regard to the listing and pricing of the books and bonding of themselves not to sell the books at a greater price than in the list, but that the respondent, instead of purchasing the books from the publisher at the list price, is advertising for bids and has purchased books at less than the prices listed with the state board and threatens to continue to do so unless the writ is issued.

We have examined the sections of the School Code referred to and can readily see that the legislature has worked out a comprehensive plan whereby the school districts can be protected against the formation by the publishers of a combination under which excessive or exorbitant prices could be charged for high school textbooks sold to the district for free use by the pupils. But we fail to find anything in the law which requires that the books which are listed must be purchased from the publisher.

Petitioner contends that when the publishers in open competition with each other in California and other states in the Union having laws similar to ours with respect to the listing and adoption of uniform textbooks have submitted their books to the state board with their catalogue prices and stated amounts of discounts therefrom and allowance for exchanges and executed their bonds to the state, and these books and prices have been accepted by the state board and officially listed, all of the protection afforded by free, open and competitive bidding has been accomplished, and purchases must be made directly from the publishers without competitive bidding.

The nearest approach to such an idea is contained in section 6.424, which reads as follows: "It shall be the duty of the clerk or secretary, or other person named by the board of [for] such purpose, to purchase textbooks on order of the governing board of the high school district and to examine the books when received, and if they are found to be correct and in accordance with the order, a warrant shall be drawn for the proper amount, including the cost of transporting the textbooks, against any fund of the high school district available for such purpose and remitted to the publisher within thirty days after receipt of the books."

█ A writ of mandate can only compel an act which the law specially enjoins. (Sec. 1085, Code Civ. Proc.) █ In the absence of express language to the contrary, textbooks should be purchased in the same manner as other school supplies. Section 6.381 of the School Code provides as follows: "The high school board of each and every high school district shall purchase textbooks for the use of pupils enrolled in the high schools of such district, which textbooks shall at all times be and remain the property of such district, to be supplied to the pupils thereof for use without charge." This section authorizes the governing boards of high school districts to purchase textbooks. There are no words of limitation or direction as to the procedure for making such purchase.

Section 6.30 of the School Code provides as follows: "Boards of school trustees and city boards of education shall have power, and it shall be their duty, to let all contracts involving an expenditure of more than five hundred dollars for work to be done or for materials or supplies to be furnished, sold or leased to the district, to the lowest responsible bidder who shall give such security as the board may require, or else reject all bids. This section shall be applicable to all materials and supplies whether patented or otherwise."

█ It is with this section that the respondent is attempting to comply. All sections of the School Code must be read together and construed together when possible. We have a specific section authorizing the purchase of high school textbooks and a general section involving contracts made by governing boards of school districts. There are no provisions in the two sections which are in any way conflicting, and they must be read together if this can be done with full meaning being given to all portions of both sections.

█ In requiring publishers to list their books in the manner prescribed by the School Code as a condition precedent to the adoption of such books for use by high schools in California, the legislative intent is to protect school districts, and through them the taxpayers, from being at the mercy of school book publishers with respect to the prices of such books. Such a situation would inevitably result from the requirement that school boards adopt books in advance of the establishment of a maximum price therefor, which is the position contended for by petitioner. Such price is not fixed as the result

of competitive bidding.   While the price thus established is the top above which the board may not go in purchasing such books, it is not only within the power but it is the plain duty of the board to purchase such books at a less price if it is possible to do so.

Writ denied.

Wood, J., and McComb, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 1, 1938.